UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM M. GUSTAVSON, et al.,   Civil Action No. 1:13-cv-717

    Plaintiff,   Dlott, .J.
                                                                          Bowman, M.J

vs.

CITY OF CINCINNATI, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, William Gustavson, a former attorney for the City of Cincinnati, initiated this *pro se* action asserting that his retirement pension was unlawfully calculated. On March 25, 2015, the Court granted Plaintiff Gustavson's motion for summary judgment as to liability and determined that the Plaintiffs were denied due process by the Defendant City of Cincinnati in reducing their pensions from a 2.5% multiplier to a 2% multiplier. The matter was remanded back to the Magistrate Judge for a hearing on damages to determine how much the City of Cincinnati owes the Plaintiffs for the period their pensions were reduced, how much the Defendants owe the Plaintiffs for the "claw back," which are amounts the Defendant removed from the pension payments of the Plaintiffs because of a claimed overpayment to the Plaintiffs, and to restore the Plaintiffs' pensions prospectively to the correct 2.5% multiplier. Plaintiff Gustavson also seeks emotional distress damages related to the improper reduction and claw backs of his pension benefit.

Thereafter, on May 6, 2015, the undersigned held a damage hearing, whereupon Plaintiff Gustavson appeared pro se, Linda Woeber and Eric Holzapef appeared on behalf of Plaintiffs Davis Stroop and Linda Hayden, respectively. Terrance Nestor and

Emily Woerner appeared on behalf of the Defendant the City of Cincinnati. The parties represented that have reached a consensus relating to the pension calculations.

The Court also heard oral argument testimony from Plaintiff Gustavson relating to his request for emotional distress damages. Notably, the City opposes any emotional distress award, asserting that Plaintiff did not make a claim for emotional distress damages in the complaint and the City had no notice of such claim. In the alternative, the City argued that any award of damages should take into consideration mitigation of damages and the proportionality of any emotional distress damages. With respect to his emotional distress, as a former Chief Trial Counsel and Assistant City Manager for the City, the actions of his former employer were particularly distressing to Plaintiff on a personal and professional level. Notably, Mr. Gustavson testified that the City's improper reduction of his pension resulted in great anger and fear of his financial future, caused countless sleepless nights, and severe anxiety over the effects of the reduced benefit payments on his family, particularly his wife. He further testified that he became totally consumed with thoughts of this lawsuit and regaining the pension benefits that were properly due him. He also testified that he continued his law practice longer than he had anticipated and had actually started winding down his practice only to have to get it back up to full speed. For good cause shown, the undersigned finds that Plaintiff Gustavson's request for emotional distress damages is well-taken.

The Sixth Circuit, citing other circuits and the United States Supreme Court, held that a plaintiff who has suffered a constitutional tort may recover emotional distress damages, even though the emotional distress was not "severe." *Chatman v. Slagle*, 107 F.3d 380 (6th Cir. 1997). Before recovering compensatory damages for emotional

distress, a plaintiff must prove that the defendant's unlawful actions caused his or her emotional distress. *See Turic v. Holland, Inc.,* 85 F.3d 1211, 1215 (6th Cir.1996) (citing *Carey v. Piphus,* 435 U.S. 247, 263–64, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). Such proof customarily is demonstrated by "showing the nature and circumstances of the wrong and its effect on the plaintiff." *Carey,* 435 U.S. 263–64. "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." *Id.* The compensatory damages awarded must be proportional to the injury and must be assessed by taking into account the totality of the circumstances. *See Moore v. Kuka Welding Sys.,* 171 F.3d 1073, 1082 (6th Cir.1999).

Here, the City represented at the hearing the Mr. Gustavson's actual damages were approximately $30,000.00, which includes the difference between the City's initial improper calculation of his pension and his corrected monthly benefit as well as all claw back deductions. The undersigned finds that Plaintiff's claim for compensatory damages was sufficient to put defendant on notice that he intended to seek damages based on emotional distress. Accordingly, in light of Plaintiff's testimony, as well as the nature of this action, the undersigned also finds that a remittitur of $7,500.00 in compensatory damages for emotional distress (25% of the award) is appropriate to establish a rational relationship between these damages and the evidence of the record. See *Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) (finding compensatory damages for emotional distress equaling 25% of the damage award is appropriate to establish a rational relationship between these damages and the evidence of the record).

**III. Conclusion**

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff Gustavson be awarded an additional $7,500.00 for emotional distress damages.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM M. GUSTAVSON, et al., | Civil Action No. 1:13-cv-717 |
| Plaintiff, | Dlott,.J. |
| | Bowman, M.J |
| vs. | |
| CITY OF CINCINNATI, *et al.*, | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).