**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM M. GUSTAVSON, *et al.*,                    Civil Action No. 1:13-cv-717

      Plaintiff,                                          Dlott, .J.
                                                          Bowman, M.J
vs.

CITY OF CINCINNATI, *et al.*,

      Defendants.

**REPORT AND RECOMMENDATION**

    This matter is now before the Court on Plaintiff Linda Hayden's request for attorney fees (Doc. 73) and the parties' responsive memoranda (Docs. 75, 76).  For the reasons explained below, Plaintiff Hayden's motion is granted in part.

    **I. Back ground and relevant facts**

    Plaintiff, William Gustavson, a former attorney for the City of Cincinnati, initiated this *pro se* action asserting that his retirement pension was unlawfully calculated.  On March 25, 2015, the Court granted Plaintiff Gustavson's motion for summary judgment as to liability and determined that the Plaintiffs were denied due process under the Fourteenth Amendment by the Defendant City of Cincinnati in reducing their pensions from a 2.5% multiplier to a 2% multiplier.  The matter was remanded back to the Magistrate Judge for a hearing on damages to determine how much the City of Cincinnati owes the Plaintiffs for the period their pensions were reduced, how much the Defendants owe the Plaintiffs for the "claw back," which are amounts the Defendant removed from the pension payments of the Plaintiffs because of a claimed overpayment to the Plaintiffs, and to restore the Plaintiffs' pensions prospectively to the correct 2.5% multiplier.

1

Thereafter, on May 6, 2015, the undersigned held a damage hearing, whereupon Plaintiff Gustavson appeared pro se, Linda Woeber and Eric Holzapef, respectfully, appeared on behalf of Plaintiffs Davis Stroop and Linda Hayden.  Terrance Nestor and Emily Woerner appeared on behalf of the Defendant City of Cincinnati.  On May 8, 2011, the undersigned issued an Order accepting the agreement between Plaintiff Hayden and the City acknowledging: 1) the City's improper calculation of Hayden's pension; 2) the damages caused thereby; 3) the corrected monthly benefit going forward; 4) the return of improper deductions made by the City; and 5) prejudgment interest through May 2015.  Thereafter, Plaintiff Gustavson was awarded an additional $7,500.00 for emotional distress damages.  Plaintiff's Hayden's request for attorney fees is the sole matter that remains in this case.

## II. Standard of Review

The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "Attorney's fees must be set in an amount that is 'reasonable,' 29 U.S.C. § 216(b), and in recent times the starting point has been a 'lodestar' calculation-the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). After determining the "lodestar" figure, "[t]hat amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Id.*

2

In determining the reasonableness of fees, the Court remains cognizant of "[t]he purpose of the FLSA attorney fees provision" which "is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07–cv–253, 2010 WL 2545349, at *2 (S.D. Ohio June 16, 2010) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994); *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

A court has the discretion to award attorneys' fees based on its inherent powers. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir.1996). See also 28 U.S.C. § 1927.

## II. Analysis

Under 42 U.S.C. § 1988, counsel for a plaintiff who is a "prevailing party" in a 42 U.S.C. § 1983 suit is entitled to an award of a reasonable fees and costs. In the Sixth Circuit, "[a] plaintiff may be considered a prevailing party if the plaintiff 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Here, it is undisputed that Plaintiff Hayden is the prevailing party and therefore entitled to an award of reasonable fees.

The primary attorney involved in this case on behalf of Ms. Hayden is Eric C. Holzapfel.  During his representation of Plaintiff Hayden in this matter his hourly rate has gone from $395 to his current rate of $410.  Mr. Holzapfel has 44 years of litigation experience involving a substantial number of complex commercial litigation as well as

cases involving the First and Fourteenth Amendments.  (Doc. 73, Hozapfel Aff.)  The City concedes that Plaintiff Hayden is entitled to attorney fees based upon the Court's findings in this matter and is not challenging Plaintiff's hourly rates.

The City, however, argues that the number of hours claimed by Plaintiff's counsel is unreasonable.  In this regard, Counsel for Plaintiff Hayden seeks $57,934.50 in attorney fees which equates to 201.15 hours of attorney time spent on this matter, by Holzapel, other associates and law clerks at his law firm Dinsmore and Shohl.  (Doc. 72, Ex. 2).

According to the City, the number of hours requested is unreasonable for a case that: 1) was largely litigated by Plaintiff Gustavson, a practicing attorney who appeared pro se; 2) did not involve discovery; 3) was resolved on a motion for summary judgment, 4) involved no real dispute on the damages calculation, and 5) resulted in a payment to Hayden of $21,552.00.  The City further contends that the attorney fees requested by Hayden are not in proportion with the work performed in this case and are nearly six times the amount requested by a similarly-situated Plaintiff, Mr. Stroop.  As noted above, this matter was largely resolved by a motion for summary judgment filed by William Gustavson and Plaintiff Hayden did not file any dispositive motions.

Hayden concedes that her claims were similar to those of Plaintiff Gustavson, however, Hayden asserts that her facts were different in several important aspects relating to the documents she received from the City Retirement System as well as the fact that her retirement was effective at least once ordinance earlier than Gustavson. Notably, this case involved the analysis and interpretation of nine different ordinances dating from 1992 through 2009; all pertaining to the calculation of Hayden's monthly

pension benefit under the City Retirement System.

Plaintiff Hayden further notes that although this matter did not go beyond the summary judgment stage, the Amended Verified Complaint was 16 pages long and contained 39 attached pages.  Further, Plaintiff Gustavson originally named Hayden as a party-Defendant which required her to file a motion to have her properly realigned as a party Plaintiff.  Moreover, Hayden contends that even after the Court found that the City was liable to Hayden and the other Plaintiffs, the City refused to agree to the damages sustained by Hayden and the other Plaintiff's until late in the afternoon on the day before the scheduled hearing.  As such, Hayden was required to prepare for the evidentiary hearing including the preparation of both direct and cross-examination.

The undersigned recognizes that Plaintiff Hayden's claims differed to a small degree from Gustavson's, but there can be no dispute that all the Plaintiffs benefited from the "hundreds and hundreds" of hours Gustavson spent poring over this case.  As such, the undersigned agrees that Plaintiff Hayden's requested amount is not wholly reasonable and should be reduced, given the lack of discovery and the fact that Plaintiff Gustavson carried the lionshare of the work in this matter.

The undersigned declines, however, to expend the judicial resources to engage in a line-by-line analysis of each time entry included in Plaintiff's voluminous fee documentation. (See Doc. 73, Ex. 2. Plaintiff's Counsel's Invoices.)  Such an undertaking is especially impractical here given the voluminous nature of the billing records and Plaintiff's counsel's practice of lumping entries and utilizing vague descriptions. Courts have routinely recognized the propriety of utilizing across-the-board cuts as an alternative to analyzing each entry one by one under these circumstances.

*See Hensley,* 461 U.S. at 436–37 (indicating that trial courts "may simply reduce the award" as an alternative to "attempt[ing] to identify specific hours that should be eliminated"); *Auto Alliance Intern., Inc. v. United States Customs Serv.,* 155 F. App'x 226, 228 (6th Cir. 2005) (citing *Coulter v. Tenn.,* 805 F.2d 146, 151 (6th Cir. 1986)) (recognizing propriety of "an across the board reduction based on excessive or duplicative hours"); *Northeast Coalition of the Homeless v. Brunner,* No. 2:06–cv–896 (S.D.Ohio Nov. 30, 2010) ("[I]f reductions to the requested number of hours are appropriate, a court has the discretion to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions.").

Having reviewed Plaintiff's Motion for Attorneys' Fees and the supporting documentation together with the parties' briefing on the Motion and the case history, including the parties' filings and Court Orders, the Undersigned **RECOMMENDS** that the Court apply a **thirty percent** reduction in the hours requested by Plaintiff Hayden.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff Hayden's application for attorney fees (Doc. 73) be **GRANTED in part**; and Plaintiff Hayden be awarded **$40,554.15** in attorney fees.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM M. GUSTAVSON, et al.,                    Civil Action No. 1:13-cv-717

        Plaintiff,                                                Dlott, J.
                                                                     Bowman, M.J
vs.

CITY OF CINCINNATI, *et al.*,

        Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7